UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Joseph W. Finfrock,

           Petitioner,

vs.                                          Case No. 2:10-cv-231-FtM-29SPC

William P. Wise, Sheriff, DeSoto
County, and Florida Attorney
General,

           Respondents.
_____

**OPINION AND ORDER**

    This matter comes before the Court upon initial review of the file. Petitioner initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on the Court's standardized form. Above the title of the Petition, Petitioner wrote "28 U.S.C. § 1983 Civil Complaint and/or." Petition at 1. It appears that Petitioner is attempting to file a civil rights action concerning the conditions of his confinement in the same civil action he challenges the fact of his current confinement. Petitioner accompanied the filing of his Petition with an Affidavit of Indigency (Doc. #2) and seeks to proceed in this matter *in forma pauperis*.

    In response to the question asking Petitioner to identify the "name and location of court that entered the judgment of conviction you are challenging," Petitioner responds as follows:

    12th Judicial Circuit Court, Arcadia Florida 34266

> Am [sic] not challenging conviction of the court, [b]ut the conditions of being housed in an overcrowded jail resulting in unsanitary conditions and lack of hygiene items, and medical care of inmates.

Petition at 1, question 1(a). Conversely, Petitioner contends that:

> I am being illegally held in the county jail upon battery upon staff and denied my speedy trial rights, [sic] seeking the dismissal of said charges violating said speedy trial rights to due process and equal protection of the law.

Id., question 5. Petitioner attaches various exhibits to his Petition (Doc. #1-1, Exh.), including docket sheets from the various civil cases Petitioner has filed in the DeSoto Circuit Court, as well as the docket sheet from the instant criminal matter.

From a review of the Petition and exhibits attached thereto, Petitioner was charged by Information with battery on detention staff at the Florida Civil Commitment Center ("FCCC") and a warrant was issued for his arrest on July 10, 2009. Exh. at 15. It appears that Petitioner was recently transported from the FCCC to the DeSoto County Jail in connection with the battery charge on March 11, 2010. Id. at 4. Petitioner states that, as of the date he filed the Petition, he has not entered a plea to the battery charge. Petition at 2, question 6(b). Petitioner is represented by counsel in the underlying action. Exh. at 15.

Petitioner submits that the current battery charge should be dismissed because his speedy trial rights have been violated.

Petition at 5.  In particular, Petitioner states that he was placed in confinement at the FCCC on March 13, 2009, pending the filing of criminal charges.  Petitioner sought a speedy trial on March 19, 2009, but contends that the underlying battery charge was not filed until July 10, 2009.  Id.  Thus, Petitioner argues that his continued prosecution by the State on the battery charge is "vindictive and selective [sic] prosecution."  Id.

Petitioner claims that he filed a State habeas corpus action concerning this action with the 12th Judicial Circuit Court and appealed the denial thereof to the Second District Court of Appeal. Id. at 6.  According to the Petition, the State appellate court reversed and remanded the circuit court's dismissal of the habeas. Id.  Consequently, Petitioner states that "I have taken this matter to you for federal review in a 1983 civil complaint as well."  Id.

Petitioner also lists various conditions at the DeSoto County Jail, which he contends amount to cruel and unusual punishment. Id. at 7.  In particular, Petitioner states that the jail is overcrowded, he is denied adequate hygiene, 41 inmates are required to use one bathroom, cleaning supplies are delivered only once in the morning, laundry is returned back after being washed with stains, sheets are torn.  Id.  Additionally, Plaintiff complains that he is being denied adequate medical care, insufficient recreation, and fed poor quality food.  Id.  Petitioner also

alleges that his personal mail is being interfered with and he is being denied adequate access to law books. Id. at 7-8.

As relief, Petitioner seeks that the Court "invoke jurisdiction" over his underlying criminal case pending in the 12th Judicial Circuit Court "for violating [Petitioner's] speedy trial rights." Id. at 9. Further, Petitioner requests that the Court enter "an injunction on . . . the DeSoto County Jail to place a legal cap on the amount of residents/inmates it can legally detain. . . . to render the living conditions safe and healthy . . ." Id. Finally, Petitioner seeks reimbursement of any costs he has been assessed for hygiene items and for his medical and/or dental care that he has incurred while he is confined at the DeSoto County Jail. Id.

The Court takes judicial notice that although the Florida appellate court did reverse the circuit court's dismissal of a habeas petition filed by Petitioner, it did so on a wholly unrelated issue. In this State petition, Finfrock had argued that his removal from his regular room and placement on the confinement wing for an episode that occurred at the FCCC computer lab constituted punishment in violation of his constitutional rights. The circuit court had originally dismissed the petition finding that it was "facially insufficient in that [it] did not state a sufficient claim for relief." Id. at 984. The appellate court, in In re Commitment of Finfrock, 28 So. 3d 983 (2d DCA, Mar. 5, 2010), reversed and remanded Finfrock's emergency petition for writ of

habeas corpus back to the circuit court, finding that the petition stated a facially valid claim. Thus, this State habeas petition is unrelated to Petitioner's claim raised in the instant federal Petition.

Here, Petitioner seeks to have the Court intervene in his current criminal case pending in the DeSoto County Circuit Court on the basis that his speedy trial rights have been violated. At the outset, the Court notes that "habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489 (1973) (citation omitted); Georgalis v. Dixon, 776 F.2d 261, 262 (11th Cir. 1985)(stating federal habeas corpus could not be used "absent special and unique circumstances" to adjudicate the merits of speedy trial defense to pending state charges). In Braden, the petitioner could proceed by habeas corpus because he sought to enforce the state's obligation to bring him to trial, and was not attempting "to abort a state proceeding or to disrupt the orderly functioning of state judicial processes." 410 U.S. at 491. Here, it is clear that Petitioner is not seeking to enforce Petitioner's speedy trial rights, but is seeking dismissal of the underlying state criminal action. See Petition at 5.

Further, in light of the fact that Petitioner has not yet entered a plea on the underlying charges, this Court should abstain from interfering with Petitioner's ongoing State criminal

-5-

case pursuant to Younger v. Harris, 401 U.S. 37 (1971). In Younger, the Supreme Court held that federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. See also Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1263 (11th Cir. 2004); Lawrence v. Miami-Dade County State Att'y Office, 272 Fed. Appx. 781 (11th Cir. 2008).

Irreparable injury does not include injuries which are incidental to a prosecution otherwise brought lawfully and in good faith. See Kugler v. Helfant, 421 U.S. 117, 123-25 (1975) (citations omitted). Rather, irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief. Younger, 401 U.S. at 53-54 (citations omitted). The Eleventh Circuit has emphasized that the irreparable injury exception is a narrow one. See, e.g., Butler v. Ala. Judicial Inquiry Comm'n, 245 F.3d 1257, 1265 (11th Cir. 2001). Petitioner does not allege the type of extraordinary circumstances that would permit this Court to intervene in Petitioner's ongoing state criminal proceedings. Id.

Finally, a habeas corpus action is a proper vehicle to challenge the fact or duration of a criminal defendant's confinement, not the conditions of his confinement. See Presier v. Rodriguez, 411 U.S. 475, 488-90 (1973). Thus, to the extent that Petitioner wishes to challenge the conditions of his confinement at the DeSoto County Jail, he is required to file a civil rights complaint pursuant to 42 U.S.C. § 1983 in a separate civil action.[1]

ACCORDINGLY it is hereby

**ORDERED**:

1. The Petition (Doc. #1) is **DISMISSED without prejudice**.

2. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close this file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has

---

[1] It appears that Petitioner recently initiated a separate civil rights action in connection with the conditions of his confinement at the DeSoto County Jail, which remains pending before this Court. See 2:10-cv-232-FtM-36SPC filed April 19, 2010.

made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this   29th   day of April, 2010.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record