UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOESPH W. FINFROCK,

    Petitioner,

vs.                        Case No. 2:10-cv-231-FtM-29SPC

WILLIAM P. WISE, SHERIFF, DESOTO
COUNTY, AND FLORIDA ATTORNEY
GENERAL,

    Respondents.
_____

**ORDER**

This matter comes before the Court upon Petitioners "Request for Rehearing of Opinion and Order of April 30, 2010 Stating Special and Unique Circumstances for Granting Hearing and Relief" filed May 12, 2010 (Doc. #7, Request). To the extent discernable, Petitioner requests that the Court reconsider its April 29, 2010[1] Opinion and Order (Doc. #5, Order) dismissing the Petition for Writ of Habeas Corpus in this matter. Because Petitioner filed the instant Request within twenty-eight (28) days from which judgment was entered (Doc. #6), the Court construes Petitioner's Request as brought pursuant to Federal Rule of Civil Procedure 59(e).

---

[1] The Order dismissing this action was entered on April 29, 2010, and judgment was entered on April 30, 2010 (Doc. #6).

Rule 59(e) affords the Court substantial discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000). "The only grounds for granting a rule 59 motion are newly discovered evidence or manifest error of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)(citations omitted). A Rule 59 motion is not intended as a vehicle to re-litigate old matters, raise new arguments or present evidence that could have been raised prior to the entry of judgment. Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

The Court dismissed the instant action, without prejudice, noting that Petitioner was attempting to bring both a habeas action[2] and civil rights action in the same action. See generally Order. To the extent that Petitioner was attempting to bringing a habeas action, the Court, citing to Younger v. Harris,[3] noted that Petitioner had not entered a plea in connection with the underlying State court battery charge, which he was challenging, nor had Petitioner alleged any extraordinary circumstances that would permit the Court to intervene in Petitioner's ongoing criminal proceeding. Id. at 6. Liberally construed, it appears that

---

[2] Although Petitioner filed his Petition on the standardized section 2254 form, due to Petitioner's pre-trial detainee status, the Petition is construed as asserted pursuant to section 2241. See Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003).

[3] Younger v. Harris, 401 U.S. 37 (1971).

Petitioner argues that the Court's dismissal of his Petition, without prejudice, amounts to "manifest error."  In particular, Petitioner states that the Court should "hold a hearing to grant injunctive and/or declaratory relief" in connection with Petitioner's "State proceedings" currently pending in the 12th Judicial Circuit Court, because Petitioner alleged evidence of bad faith and irreparable injury amounting to "special and unique circumstances."  Request at 1.  As evidence of bad faith and/or unique circumstances, Petitioner identifies the following in his Request: "there is no evidence to support the charges" for which Petitioner was charged on March 13, 2009; the State judge has denied or not held hearings on Petitioner's *pro se* motions;[4] the State court judge "needlessly" had Petitioner transported to county jail, which is preventing Petitioner's "legal access" to court; Petitioner has been assaulted by inmates; Petitioner has been denied "mental health care" and charged for his medical care at the county jail; Petitioner has been held in "confinement" and has not seen a judge in a "timely manner."  Id. at 1-3.

As stated by the Court in its Order dismissing this action, "[i]rreparable injury does not include injuries which are incidental to a prosecution otherwise brought lawfully and in good faith."  Order at 6 (citing Kugler v. Helfant, 421 U.S. 117, 123-25

---

[4]In its April 29, 2010 Order, the Court pointed out that Petitioner was represented by counsel in connection with the underlying State court charges.  Order at 2.

(1975)). Instead, "irreparable injury exists if the statute under which a defendant is being prosecuted is 'flagrantly and patently violative of express constitutional prohibitions in every clause sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it' or if unusual circumstances exist that would call for equitable relief." Id. (quoting Younger, 401 U.S. at 53-54). Petitioner made no such allegations in his Petition. The types of injuries alleged by Petitioner in his Request were previously considered by the Court and were found not to be "the type of extraordinary circumstances that would permit this Court to intervene in Petitioner's ongoing state criminal proceedings." Id.

Upon review of Petitioner Request and the Court's April 29, 2010 Order, the Court finds Petitioner has not alleged irreparable injury or a flagrant violation of his constitutional rights, and has failed to otherwise demonstrate grounds for reconsideration or modification of the Court's April 29, 2010 Opinion and Order. Consequently, the Court will deny Petitioner's Request.

Accordingly, it is now

**ORDERED**

Petitioners "Request for Rehearing of Opinion and Order of April 30, 2010 Stating Special and Unique Circumstances for

Granting Hearing and Relief" filed May 12, 2010 (Doc. #7), construed as a Rule 59 Motion, is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this __13th__ day of July, 2010.

_____
JOHN E. STEELE
United States District Judge


SA: hmk
Copies: All Parties of Record